NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**Q TECHNOLOGIES, INC.,**
*Plaintiff-Appellant*

**v.**

**WALMART, INC.,**
*Defendant-Appellee*

---

2024-1667

---

Appeal from the United States District Court for the Western District of Texas in No. 6:21-cv-00779-ADA, Judge Alan D Albright.

---

Decided: February 5, 2026

---

RAYINER HASHEM, MoloLamken LLP, Washington, DC, argued for plaintiff-appellant. Also represented by JENNIFER ELIZABETH FISCHELL, WALTER H. HAWES, IV, JEFFREY A. LAMKEN; BENOIT QUARMBY, Hexagon Advocates, New York, NY.

GABRIEL K. BELL, Latham & Watkins LLP, Washington, DC, argued for defendant-appellee. Also represented by KATHRYN RILEY GRASSO, DLA Piper LLP (US),

Washington DC; STANLEY JOSEPH PANIKOWSKI, III, San Diego, CA.

––––––––––––––––––

Before LOURIE, BRYSON, and REYNA, *Circuit Judges.*

LOURIE, *Circuit Judge.*

Q Technologies, Inc. ("Q Tech") appeals from a final decision of the United States District Court for the Western District of Texas holding that, as a matter of law, all asserted claims of U.S. Patents 9,635,108 ("the '108 patent"), 10,567,473 ("the '473 patent"), and 10,594,774 ("the '774 patent") are ineligible and hence invalid under 35 U.S.C. § 101. *Q Techs., Inc. v. Walmart, Inc.*, No. 6:21-CV-00779-ADA, 2024 WL 1146150 (W.D. Tex. Mar. 6, 2024) ("*Decision*"). For the following reasons, we *affirm*.

## BACKGROUND

Q Tech sued Defendant-Appellee Walmart Inc. ("Walmart"), alleging infringement of the '108, '473, and '774 patents. The '108 patent is the parent of the '473 patent, which is in turn the parent of the '774 patent. All three patents share a common specification. Q Tech ultimately asserted claims 1 and 10 of the '108 patent, claims 14 and 16 of the '473 patent, and claims 1, 3, 4, and 14 of the '774 patent. As the district court ruled, and the parties agree on appeal, claim 1 of the '108 patent is exemplary for purposes of the § 101 analysis such that all asserted claims rise and fall with that claim. *Decision*, 2024 WL 1146150, at *3; Q Tech Op. Br. 11, 15, 32; Walmart Resp. Br. 6.

The '108 patent is "generally directed to methods [and systems] for content sharing using uniquely generated identifiers." '108 patent col. 1 ll. 23–25. The specification discloses a system in which a first client sends shared content, a "unique identifier," and its location to a server, which "may store the shared content." *Id.* at col. 1 ll. 25–31. A second client may then request that content by

providing the identifier and its own location. *Id.* at col. 1 ll. 31–33. Finally, the server "may send the shared content to the second client" if it determines the second location is within a predefined distance of the first client or the identifier matches stored identifiers. *Id.* at col. 1 ll. 33–38.

Walmart moved for summary judgment at the trial court, arguing that the asserted claims were patent ineligible under § 101 as a matter of law. The court agreed and held that claim 1 of the '108 patent, and therefore all asserted claims, are patent ineligible under the two-step framework set forth in *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208 (2014). *Decision*, 2024 WL 1146150, at *6. At *Alice* step 1, the court concluded that exemplary claim 1 was "directed to the abstract idea of sharing content using a unique identifier." *Id.* at *4. At *Alice* step 2, the court concluded that "[w]hether taken individually or as an ordered combination," the claims contain no inventive concept because they merely recite "well understood, routine and conventional activities, identifiers and components, such as servers and clients." *Id.* at *6. The court therefore granted Walmart's motion for summary judgment of ineligibility and hence invalidity under § 101. *Id.* at *7.

Q Tech timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

Q Tech argues that the district court's "summary judgment [holding] that the '108 patent family claims are ineligible under §101, is erroneous." Q Tech Op. Br. 3. Specifically, Q Tech argues that, at *Alice* step one, the district court erred by characterizing the claims as directed to the abstract idea of "sharing content using a unique identifier," because such a characterization ignores express limitations requiring location determination and proximity-based notification, which instead direct the claims to a specific, location-based file-sharing method rooted in real-world technological processes. *Id.* at 2–3. At *Alice* step

two, Q Tech contends that the district court improperly resolved factual disputes by labeling the claims "well understood, routine, [and] conventional," despite unrebutted evidence that the claimed use of location and proximity information to control access and notify users was novel and inventive, thereby creating at least a genuine issue of material fact and precluding summary judgment. *Id.* at 4. We disagree. We discuss each *Alice* step in turn.

For matters unrelated to patent law, "we apply the law of the regional circuit, here the Fifth Circuit." *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 880 F.3d 1356, 1361 (Fed. Cir. 2018). "The Fifth Circuit reviews motions for summary judgment and motions for judgment as matter of law *de novo*." *Id.* "Summary judgment is appropriate when the evidence shows that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1285 (Fed. Cir. 2018) (citation modified). Moreover, we apply our own law to questions of patent law, and, as relevant here, determinations of subject-matter eligibility under § 101 are reviewed *de novo*. *Id.*

Section 101 of the Patent Act defines the subject matter eligible for patent protection: "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. However, "this provision contains an important implicit exception: Laws of nature, natural phenomena, and abstract ideas are not patentable." *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014) (quoting *Assoc. for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576, 589 (2013)). Those exceptions help prevent field "pre-emption" because they protect "the basic tools of scientific and technological work." *Id.* (citation modified). Under the two-step framework in *Alice*, we first ask whether the claims are directed to "one of those patent-ineligible concepts," and, if so, we next ask whether they include an "inventive

concept" sufficient to transform that ineligible concept into patent-eligible subject matter. *Id.* at 217.

We agree with the district court that, at *Alice* step one, exemplary claim 1 of the '108 patent is directed to "the abstract idea of sharing content using a unique identifier," by matching a unique identifier with a location, and does not claim a technological improvement to computer networks or file-sharing technology itself. *Decision*, 2024 WL 1146150, at *4. The use of location or proximity information merely limits when or with whom content is shared, which does not render the claims any less abstract, but instead reflects the application of an abstract idea using generic networking components operating in their conventional manner. *See Beteiro, LLC v. DraftKings Inc.*, 104 F.4th 1350, 1355–57 (Fed. Cir. 2024) (holding claims abstract at step one where they recite generic, result-focused steps for exchanging information and permitting or denying an activity based on user location, reflecting a longstanding economic practice implemented with conventional computer functions).

We also agree with the district court that claim 1 of the '108 patent does not supply an inventive concept at *Alice* step two. The district court correctly concluded that, "[w]hether taken individually or as an ordered combination," claim 1 recites only "well understood, routine and conventional activities, identifiers and components, such as servers and clients." *Decision*, 2024 WL 1146150, at *6. The asserted reliance on location information and a purported "hybrid architecture," Q Tech Op. Br. 51, does not transform the abstract idea into patent-eligible subject matter, as the claims do not recite any nonconventional implementation or improvement in computer functionality itself. *See In re TLI Commc'ns LLC Pat. Litig.*, 823 F.3d 607, 615 (Fed. Cir. 2016) (holding claims ineligible at step two because "the recited physical components behave exactly as expected according to their ordinary use"); '108 patent col. 18 l. 65–col.19 l. 35.

In sum, the district court properly determined that no genuine dispute of material fact precluded summary judgment, and we therefore affirm its judgment of patent ineligibility and thus invalidity under § 101.

## CONCLUSION

We have considered Q Tech's remaining arguments but find them unpersuasive. For the foregoing reasons, we *affirm*.

**AFFIRMED**